```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**SCOTT DOUGLAS HINSHAW,**

                    **Petitioner,**

         **v.**                                  **CASE NO. 07-3123-RDR**

**CODY MORRIS, et al.,**

                    **Respondents.**

**O R D E R**

This matter is before the court on pro se pleadings filed by a prisoner confined in the Stanton County Jail in Johnson, Kansas. Petitioner titles this action as a "Notice of Removal," but having reviewed the materials the court liberally construes the action as one seeking a federal writ of habeas corpus, and grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Petitioner cites his arrest in February 2007 on outstanding traffic charges (Stanton County Case 05-TR-84), and criminal charges filed as a result of petitioner's encounter with the officers during that arrest (Stanton County Case 07-CR-08). Petitioner also documents the sentence imposed in each case by a Stanton County Magistrate Judge in a Journal Entry file stamped April 17, 2007. Petitioner seeks a federal court's review of alleged error in these state court convictions, and specifically seeks a writ of mandamus to effect his release.

*Notice of Removal and Original Jurisdiction*

Petitioner's attempt to seek federal review of his state court convictions through a notice of removal has no legal merit. In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not intervene in pending state criminal prosecutions when those proceedings offer an adequate forum for plaintiff's federal claims and implicate important state interests. <u>Id</u>. at 43. The <u>Younger</u> abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." <u>Phelps v. Hamilton</u>, 122 F.3d 885, 889 (10th Cir. 1997). Here, both of the cases challenged by petitioner have proceeded to sentencing and appear to no longer be pending in the state courts. Moreover, even if the cases were still pending, petitioner identifies no circumstances warranting an exception to this court's abstention under <u>Younger</u>. *See* <u>id</u>. at 46-55 (exceptions recognized for "bad faith or harassment," prosecution under a statute that is "'flagrantly and patently'" unconstitutional, or other "extraordinary circumstances" involving irreparable injury).

Additionally, petitioner's attempt to invoke the original jurisdiction of the federal courts by invoking maritime and diversity jurisdiction by claiming he is "a non-resident stating a non-admiralty claim in an admiralty case" (Doc. 1, p. 2), is legally frivolous.

*Mandamus*

Likewise, petitioner's prayer for his release through a writ of

2

mandamus has no legal basis because this court's mandamus power does not extend to state court officials. *See* 28 U.S.C. § 1361 (U.S. district court has original jurisdiction of any action in the nature of mandamus to compel "an *officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff")(emphasis added). This court has no authority to issue such a writ to "direct state courts or their judicial officers in the performance of their duties." Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)(*quotation omitted*).

*Habeas Corpus*

Because petitioner is challenging the legality of his present confinement pursuant to his two state court convictions, the court finds it appropriate to liberally construe this action as seeking a writ of habeas corpus under 28 U.S.C. § 2254. *See* Preiser v. Rodriquez, 411 U.S. 475 (1973)(when a prisoner seeks to challenge the length or fact of his confinement, he must pursue his claim through a writ of habeas corpus). Accordingly, the caption is amended by the court to name the sheriff of the Stanton County Jail as a respondent. All other named defendants are dismissed without prejudice.

It is well established, however, that "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). This requires a state prisoner to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established

appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Petitioner bears the burden of showing exhaustion.[1] *See* Olson v. McKune, 9 F.3d 95, 95 (10th Cir. 1993).

On the face of the instant record, it appears that petitioner has not yet pursued review by the state district or appellate courts of the judgments handed down by the state magistrate judge in petitioner's two cases. The court thus directs petitioner to show cause why this action should not be summarily dismissed without prejudice. The failure to file a timely response may result in the petition being dismissed without prejudice, and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that the petition is construed by the court as an application for writ of habeas corpus under 28 U.S.C. § 2254, and that petitioner is granted leave to proceed in forma pauperis in this habeas action.

IT IS FURTHER ORDERED that the caption is amended by the court to name the Stanton County Sheriff as the respondent in this matter. All other defendants named in petitioner's pleading are dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner is granted twenty (20)

---

[1] It may well be that petitioner is now out of time to seek further review in the state courts of his two convictions. If so, the passage of time has resulted in a procedural default. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Petitioner is advised that federal habeas review of his claims is now barred unless he demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749 (1991).

days to show cause why this matter should not be dismissed without prejudice for the reasons stated by the court.

DATED:  This 11th day of May 2007, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge