IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**SCOTT DOUGLAS HINSHAW,**

                **Petitioner,**

     v.                               CASE NO. 07-3123-RDR

**CODY MORRIS, et al.,**

                **Respondents.**


**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a pleading titled as a "Notice of Removal" seeking a writ of mandamus for his release from a county jail. The court liberally construed as filed under 28 U.S.C. § 2254 to challenge petitioner's alleged unlawful confinement, and directed petitioner to show cause why this action should not be dismissed without prejudice because it was plain on the face of petitioner's pleadings that he had not exhausted state court remedies on his claims.

In a response petitioner has supplemented a number of times, petitioner does not contest the court's habeas characterization of the record. Rather than directly addressing his exhaustion of state court remedies, petitioner reasserts the facts and legal arguments presented in his initial pleadings, and again challenges both the legality of his arrest and confinement and the jurisdiction of the

state courts to prosecute him.[1]  This is insufficient to show that state court remedies are unavailable or ineffective to address petitioner's claims, or that petitioner should be excused from exhausting such remedies.

Although it appears petitioner is now alleging error in the calculation of his release date as well, he must first exhaust state court remedies on this claim before seeking relief in federal court under 28 U.S.C. § 2241 for alleged constitutional error in the execution of his state sentence.  *See generally* Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(absent a demonstration of futility, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies).

Accordingly, for the reasons stated herein and in the show cause order dated May 11, 2007, the court concludes this matter should be dismissed without prejudice.

IT IS THEREFORE ORDERED that the petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed without prejudice.

DATED:  This 12th day of February 2008, at Topeka, Kansas.

               s/ Richard D. Rogers
               RICHARD D. ROGERS
               United States District Judge

---

[1] Petitioner additionally contends he is being denied specific treatment for his medical needs, namely shark cartilage extract he had been taking for several years to address body pain.  This new allegation provides no basis for relief under 28 U.S.C. § 2254, and the damages petitioner seeks on this allegation are not available in habeas corpus.